UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHANE ROSHTO and NATALIE ROSHTO** | ) | CIVIL ACTION NO. 2:10-cv-01156 |
| | ) | |
| **VERSUS** | ) | SECTION B (JUDGE LEMELLE) |
| | ) | |
| **TRANSOCEAN, LTD and BP, PLC** | ) | MAGISTRATE 3 (KNOWLES) |
| | ) | |

**FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Natalie Roshto, individually and as personal representative of Shane Roshto and her minor son, Blaine Roshto, who stating that no answer to the Original Complaint for Damages having been filed, files this Supplemental and Amended Complaint for Damages supplementing and amending Plaintiffs' Original Complaint as supplemented or amended below, so that the Complaint now reads as follows:

1.

Made defendants herein are:

(A)  TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Louisiana;

(B)  TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Louisiana;

(C)  TRANSOCEAN DEEPWATER, INC. (TRANSOCEAN ENTITY)

(D) BP, PLC, hereinafter referred to as "BP," a foreign corporation doing business in the State of Louisiana;

(E) BP PRODUCTS NORTH AMERICA, INC., hereinafter referred to as "BP Products," a foreign corporation doing business in the State of Louisiana; and

(F) HALIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana.

2

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688 (the "Jones Act") and the provisions of the general maritime law and general maritime products liability law. Plaintiff designates this matter as a maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure.

3.

At all times pertinent, Blaine Roshto, three years of age, is the natural child of Shane Roshto and Natalie Roshto, who were lawfully married and living together with their minor son, Blaine Roshto. Natalie Roshto is the personal representative of her minor son, Blaine Roshto and of her presumed deceased husband, Shane.

4.

Defendants, Haliburton, Transocean Entities, BP Products and BP, are justly and truly indebted unto your plaintiff, Natalie Roshto, individually and as personal representative, for the following reasons, to-wit:

5.

At all material times, Shane Roshto was employed by TRANSOCEAN ENTITIES as a Jones Act seaman.

2

6.

Shane Roshto was permanently assigned by defendant, TRANSOCEAN ENTITIES, to work aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP and/or BP PRODUCTS at all material times herein. Shane Roshto was employed by TRANSOCEAN ENTITIES and permanently assigned to the vessel, DEEPWATER HORIZON, at all material times herein.

7.

On or about April 20, 2010, Shane Roshto was performing his duties as a deck floor hand on-board the vessel, DEEPWATER HORIZON, 50 miles southeast of Venice, Louisiana. The vessel was located more than a marine league outside of and adjacent to the Louisiana shore. Without warning to the plaintiff, on or about 10 p.m., April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil, an explosion occurred on the vessel, causing her crewmembers to be thrown overboard to their death. Shane Roshto was one of those crewmembers thrown to his death.

7a.

As a result of the above-described incident, after 6 days Shane Roshto's body has not been found despite an extensive and thorough search orchestrated by the United States Coast Guard which lasted several days. That search has now been called off by the USCG. The gulf waters where Shane was lost are hovering at 70 degrees and it would now be unlikely that anyone could survive 6 days in water of that temperature. Moreover, the USCG has taken testimony and/ or statements from co-workers which confirm that Shane was in the direct vicinity of the blast that caused the vessel to sink. Moreover, the vessel from which he disappeared was more than thirty miles offshore. Under Louisiana Civil Code Article 60 and the

general maritime law (*Deal v. A.P. Bell Fish Co.*, 647 F.2d 438 (5th Cir. 1982), Shane Roshto is herein alleged to be presumed dead as a matter of law.

7b.

Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion.

8.

Shane Roshto, at all times pertinent, was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to the directives of defendant, TRANSOCEAN ENTITIES.

9.

The accident was caused by no fault of the plaintiffs and was caused solely by the negligence of the defendants as more fully set forth herein.

10.

Paragraph 10 is deleted.

11.

At all times material hereto, the vessel on which Shane Roshto was injured and/or died was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendants, TRANSOCEAN ENTITIES, BP and/or BP PRODUCTS.

12.

These casualties occurred as a result of the negligence of defendants, TRANSOCEAN ENTITIES, BP, BP PRODUCTS and HALIBURTON.  These acts of negligence render the defendants liable to plaintiffs pursuant to the provisions of 46 USC § 688 and the general maritime law for negligence.

13.

Shane Roshto's incident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by the United States Minerals Management Service (MMS) and the United States Coast Guard, including but not limited to, the items iterated in paragraph 15.

14.

Paragraph 14 is deleted.

15.

The above-described incidents were caused solely by the negligence of defendants, TRANSOCEAN ENTITIES, BP, BP PRODUCTS and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

### NEGLIGENCE OF TRANSOCEAN ENTITIES

a. Failing to provide a competent crew;

b. Failing to properly supervise its employees;

c. Failing to properly train and/or supervise plaintiff and other employees;

d. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

e. Failing to provide sufficient personnel to perform operations aboard the vessel;

f. Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

g. Failing to exercise due care and caution;

h. Failing to avoid this accident;

i. Failing to provide decedent with a seaworthy vessel;

h. Other acts of negligence which will be shown more fully at trial.

5

## NEGLIGENCE OF BP AND BP PRODUCTS

a. Failing to properly train and/or supervise its crew and other employees;

b. Failing to ensure that its crew worked in a safe and prudent manner;

c. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

d. Failing to exercise due care and caution;

e. Failing to avoid this accident;

f. Failing to provide decedent with a seaworthy vessel;

g. Other acts of negligence which will be shown more fully at trial.

## NEGLIGENCE OF HALIBURTON

a. Failing to sufficiently and competently perform cementing operations aboard the vessel.;

b. Failing to properly supervise its employees;

c. Failing to properly train and/or supervise plaintiff and other employees;

d. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

e. Failing to provide sufficient personnel to perform operations aboard the vessel;

f. Failing to exercise due care and caution;

g. Failing to avoid this accident;

h. Other acts of negligence which will be shown more fully at trial.

16.

In the further alternative, plaintiff, reiterating and re-alleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

17.

As a result of the above-described negligence, Plaintiff, Natalie Roshto, individually and as personal representative of her minor son, Blaine Roshto, sustained the following damages:

    a. Past, present and future physical pain and suffering (decedent);

    b. Past, present and future mental pain, suffering and anguish (decedent);

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Loss of services and support;

    j. Loss of nurture, guidance, care and instruction;

    k. Loss of funeral expenses;

    l. Loss of inheritance;

    m. Disfigurement, disability and/or death;

    n. Loss of enjoyment of life;

    o. All survival damages recognized under the general maritime law and,

    p. Other damages which shall be proven at trial.

18.

Plaintiff is entitled to prejudgment interest on her damages from the dates of loss.  As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

19.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Natalie Roshto, individually and as personal representative of Shane Roshto and of her minor son, Blaine Roshto, prays that the defendants, TRANSOCEAN, TRANSOCEAN OFFSHORE, TRANSOCEAN DEEPWATER, INC., BP, BP PRODUCTS and HALIBURTON, be duly cited and served with a copy of this Amended Complaint and that after due proceedings are had there be judgment rendered herein in favor of the plaintiff and against defendants, TRANSOCEAN, TRANSOCEAN OFFSHORE, BP, BP PRODUCTS and HALIBURTON, in an amount sufficient to adequately compensate your plaintiffs for their

damages, together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

           **RESPECTFULLY SUBMITTED BY:**

           **MARTZELL & BICKFORD, A.P.C.**

           S/ Scott R. Bickford
           _____
           **SCOTT R. BICKFORD (T.A. #1165)**
           **LAWRENCE J. CENTOLA III (# 27402)**
           **NEIL F. NAZARETH (#28969)**
           **usdcedla@mbfirm.com**
           338 Lafayette Street
           New Orleans, LA 70130
           (504) 581-9065
           (504) 581-7635 Fax
           Attorneys for Natalie Roshto

           AND

           **RONNIE G. PENTON (#10462)**
           **The Law Offices of Ronnie G. Penton**
           **rgp@rgplaw.com**
           209 Hopper Place
           Bogalusa, LA 70427
           (985) 732-5651
           (985) 732-5579 fax