UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE ROSHTO and NATALIE ROSHTO** | **CIVIL ACTION NUMBER 2:10-CV-01156** |
| **VERSUS** | **JUDGE IVAN L.R. LEMELLE** |
| **TRANSCOEAN, LTD and BP, PLC** | **MAG. JUDGE DANIEL E. KNOWLES, III** |
| _____ | |
| ***PERTAINS TO:*** <br> **MICHELLE M. JONES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF HER MINOR SON, STAFFORD HESS JONES** | **CIVIL ACTION NUMBER 02:10-CV-1196** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **Michelle M. Jones,** individually and as personal representative of her minor son, **Stafford Hess Jones**, of the full age of majority, a resident of and domiciled in East Baton Rouge Parish, Louisiana, who amends the original complaint as follows:

1.

The following parties are made defendants herein:

A. **TRANSOCEAN, LTD.**, (hereinafter "Transocean"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

B. **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.** (hereinafter "Transocean Offshore"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

C. **TRANSOCEAN DEEPWATER, INC.** (hereinafter "Transocean Deepwater"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

D. **BP, PLC** (hereinafter "BP"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

E. **BP PRODUCTS NORTH AMERICA, INC.** (hereinafter "BP Products"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

F. **BP EXPLORATION & PRODUCTION, INC.** (hereinafter "BP Exploration"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

G. **HALLIBURTON ENERGY SERVICES, INC.** (hereinafter "Halliburton Energy"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

H. **HALLIBURTON COMPANY** (hereinafter "Halliburton"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

I.   **CAMERON INTERNATIONAL CORPORATION** (hereinafter "Cameron"), a foreign corporation authorized to and/or doing substantial business in Louisiana and within this judicial district;

J.   **ABC INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

K.   **DEF INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

L.   **GHI INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

M.   **JKL INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

N.   **MNO INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

O.   **PQR INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana;

P.   **STU INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana; and

Q.   **XYZ INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the Admiralty and Maritime jurisdiction pursuant to Article III, Section 2 of the United States Constitution and 28 USC § 1333.

3.

At all times pertinent herein, including April 20, 2010, Michelle M. Jones was married to and living with Gordon Lewis Jones. Of that marriage one child has been born: Stafford Hess Jones, born on March 28, 2008. Michelle M. Jones is pregnant with a second child of this marriage, Maxwell Gordon Jones, whose expected date of birth is May 26, 2010.

4.

On or about April 20, 2010, Gordon Lewis Jones was an employee of M-I, L.L.C. and working aboard a semi-submersible mobile drilling unit, DEEPWATER HORIZON, which rig was located in the Gulf of Mexico off the coast of Louisiana.

5.

At all times pertinent herein, including April 20, 2010, DEEPWATER HORIZON was owned and/or operated and/or managed and/or chartered and/or controlled by defendants Transocean and/or Transocean Offshore and/or Transocean Deepwater and/or BP and/or BP Products.

7.

Halliburton Energy and/or Halliburton were at all times material hereto engaged in cementing operations of the completed well and well cap, among other acts and omissions.

8.

Plaintiff shows that the Blow Out Preventer ("BOP") and associated piping and equipment was designed, manufactured, marketed and sold by defendant Cameron.

9.

Michelle M. Jones shows that the accident and resulting injuries and damages sued upon were the direct and proximate result of the negligence and fault of the defendants, Transocean,

Transocean Offshore, Transocean Deepwater, BP and BP Products, which negligence and fault is shown more particularly, but not exclusively, as follows:

    A.    Negligent failure to properly perform the operation ongoing at the time of the accident in question;

    B.    Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

    C.    Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

    D.    Negligent failure to keep the equipment on board the vessel in proper condition and repair;

    E.    Negligent failure to properly inspect the rig and all of its equipment and gear;

    F.    Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

    G.    Negligent failure to properly train and/or instruct and/or warn Gordon Lewis Jones and those similarly situated;

    H.    Negligent violation of government and industry rules, regulations and standards;

    I.    Acting in a grossly negligent, reckless, wilful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion and with respect to Gordon Lewis Jones and others aboard the rig;

    J.    Other acts of negligence and fault which may be shown through discovery or at trial; and

K.     Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

10.

Plaintiff shows that the accident and resulting injuries and damages sued upon were also the direct and proximate result of the negligence and fault of defendants, Halliburton Energy and/or Halliburton, which negligence and fault is listed more particularly, but not exclusively, as follows:

A.     Its (their) gross, willful, wanton and reckless negligence and conduct in the cementing of the well and well cap;

B.     Its (their) gross, willful, wanton and reckless negligence and conduct in performing other operations aboard the vessel Deepwater Horizon;

C.     Other acts of negligence and fault which may be shown through discovery or at trial; and

D.     Generally, the failure of this (these) defendant(s) to act with the required degree of care commensurate with the existing situation.

11.

Plaintiff shows that the accident and resulting injuries and damages sued upon were also the direct and proximate result of the negligence, strict liability and fault of Cameron which negligence, strict liability and fault is listed more particularly, but not exclusively, as follows:

A.     Its defective, unreasonably dangerous and negligent design, manufacture, marketing and sale of the BOP and associated piping and equipment;

B.     Its negligent failure to properly test said equipment;

    C.       Its negligent failure to properly instruct and/or warn regarding said equipment;

    D.       Its negligent failure to properly train regarding the safe use of its equipment;

    E.       Its gross, willful, wanton and reckless conduct and negligence, as stated above;

    F.       Other items of strict liability, negligence and fault which may be shown through discovery or at trial; and

    G.       Generally, the failure this defendant act with the required degree of care commensurate with the existing situation.

12.

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the accident and explosion occurred and the accident and explosion could not have occurred absent the negligent conduct of one or both of the defendants herein.

13.

Whether or not Gordon Lewis Jones is still alive is, at the present time, not known. However, it is clear that the negligence and fault the defendants, as enumerated above, was the proximate cause of injury and damages recoverable by Plaintiff in her individual and representative capacity which damages are listed more particularly, but not exclusively, as follows:

    A.       Physical and mental injury, pain and suffering, mental anguish and distress and fright for Gordon Lewis Jones;

    B.       Loss of earnings and/or support, past and future;

    C.       Loss of found, past and future;

    D.      Loss of earning capacity;

    E.      Loss of enjoyment of life;

    F.      Mental anguish, grief, profound depression, anxiety and suffering;

    G.      Loss of consortium, society, guidance and support;

    H.      Medical and related expenses, past and future;

    I.      Punitive or exemplary damages;

    J.      Other items of damage which may be shown through discovery or at trial;

    K.      All appropriate general and equitable relief;

    L.      Prejudgment interest on all sums awarded from date of loss until paid;

    M.      Post-judgment on all sums awarded from date of judgment until paid; and

    N.      All court costs and litigation costs allowed by law.

14.

Defendant ABC Insurance Company had in full force and effect, at all pertinent times herein, including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Transocean for and against liability of the nature alleged herein.

15.

Defendant DEF Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Transocean Offshore for and against liability of the nature asserted herein.

16.

Defendant GHI Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Transocean Deepwater for and against liability of the nature asserted herein.

17.

Defendant JKL Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant BP for and against liability of the nature asserted herein.

18.

Defendant MNO Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant BP Products for and against liability of the nature asserted herein.

19.

Defendant PQR Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Halliburton Energy for and against liability of the nature asserted herein.

20.

Defendant STU Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Halliburton for and against liability of the nature asserted herein.

21.

Defendant XYZ Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Cameron for and against liability of the nature asserted herein.

22.

Plaintiff is entitled to and demands trial by jury.

WHEREFORE Plaintiff, Michelle M. Jones, individually and on behalf of her minor son, Stafford Hess Jones, prays that after due proceedings are had, there be judgment in her favor and against defendants, Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; BP, PLC; BP Products North America, Inc.; BP Exploration & Production, Inc.; Halliburton Energy Services, Inc.; Halliburton Company; Cameron International Corporation; ABC Insurance Company; DEF Insurance Company; GHI Insurance Company; JKL Insurance Company; Mno Insurance Company; PQR Insurance Company; STU Insurance Company and XYZ Insurance Company, for compensatory, punitive, exemplary, and other appropriate damages with legal interest thereon from date of loss until paid for all costs of these proceedings. Plaintiff also prays for all other relief as may be just and equitable in the premises and trial by jury.

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
225/344-3735 / Fax: 225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com