UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN Re: DEEPWATER HORIZON | * | CIVIL ACTION NO.: 10-CV-1757 |
| | * | |
| VERSUS | * | SECTION "J" / DIVISION "1" |
| | * | |
| | * | JUDGE: CARL J. BARBIER |
| BP EXPLORATION & PRODUCTION | * | |
| INC., et als. | * | MAGISTRATE JUDGE: |
| | * | SALLY SHUSAN |
| | * | |
| ************************************** | | |

### STATE OF LOUISIANA'S (LAFOURCHE PARISH DISTRICT ATTORNEY) REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

In connection with the Motion to Remand filed by the State of Louisiana by and through Camille J. "Cam" Morvant II, the District Attorney of Lafourche Parish, 17th Judicial District Court, Parish of Lafourche, State of Louisiana, defendants BP Exploration, Inc., BP Products of North America, Inc., and BP PLC ("BP Defendants") have filed a Combined Memorandum in Opposition of Plaintiffs' Motions to Remand to State Court (Parishes of Lafourche, Terrebonne, and St. Tammany). The State hereby responds to that Memorandum.

In this action and other related actions, BP Defendants attempt to remove to federal court

actions brought by the district attorneys of Louisiana judicial districts. These are not typical pollution or damage actions. These actions are brought under a Louisiana statute designed to impose civil penalties for damage which has taken place, not on the Outer Continental Shelf (OCS), but in the territorial waters of the State of Louisiana and the individual parishes.

BP defendants' Memorandum in Opposition spans thirty pages, citing over forty cases. Not one of the forty cases cited by the BP Defendants support the proposition that under the Outer Continental Shelf Lands Act (OCSLA) there is federal court jurisdiction for a suit for damages, let alone a state's claim for civil penalties for injury, death, or destruction of wildlife, which occurred exclusively in the territorial waters of the State of Louisiana.

Rather, the two cases cited by BP Defendants specifically held that the OCSLA does not confer federal jurisdiction. *Golden v. Omni Energy Services Corp.*, 242 Fed. Appx. 965, (5th Cir. 2007) and *Landry v. Island Operating Co.*, Civil Action No. 09-1051, 2009 WL 3241560 (W.D. La. 2009) (will be more fully discussed below).

### RESPONSE TO ARGUMENT OF BP DEFENDANTS

I. **OCLA Does Not Provide the Court Original Jurisdiction over State of Louisiana Cases Brought by Louisiana District Attorneys under La. R.S. 56:40.1**

A. **The purported statutory framework.** Nothing in 43 U.S.C. §1333(a)(1), §1333 (a)(2) or §1349 grants federal removal jurisdiction for a cause of action brought by a state government to assess civil penalties for damages to its wildlife which occurs on state lands or in the territorial waters of the State.

B. **Section 1331(a)(1) Assertion of Sovereignty.** Section 1331 (a)(1) of OCSLA does indeed establish "National authority **over the OCS** at the expense of both foreign governments and

the governments of the individual states." (Emphasis added)(BP Defendants' Memorandum, page 5, citing *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150,153 (5th Cir.1996). That assertion of sovereignty is clearly an assertion over water bottoms which are not within the boundaries of the states. It is clear that §1333(a)(1) extends jurisdiction to the "... <u>sub-soil and seabed of the Outer Continental Shelf</u> and to all <u>artificial islands</u>, and all installations and other devices permanently or temporarily <u>attached to the seabed</u> ..." (Emphasis added). Nothing either in the statute or the legislative history suggests that OCSLA is designed to extend its jurisdiction to interfere with the authority of the states in their territorial waters. Further, there is nothing in 43 U.S.C. § 1802 which suggests that the OCSLA is designed to intrude on the jurisdiction of the state courts. Rather every provision of the OCSLA seems to suggest only that jurisdiction of the United States is boldly extended outward from the territorial lines of the seas to the bottoms which lie below those seas on the OCS. (See references to 43 U.S.C. § 1802, BP Defendants Memorandum in Opposition, page 6).

      **C.**    **Section 1333(a)(2) Surrogate Federal Law Provision.** Likewise there is nothing in § 1333(a)(2) that suggests that the jurisdiction extended by the OCSLA extends inward and into the territorial waters of the States or the lands of the State of Louisiana. Rather, OCSLA "makes federal law exclusive in its regulation of the OCS." *Tenn. Gas Pipeline,* 87 F.3d at 153 (5th Cir. 1996); *see also Gulf Offshore Co., v. Mobil Oil Corp.*, 453 U.S. 473, 480-81 (1981)(BP Defendants Memorandum in Opposition, page 6). In fact, § 1333(a)(2)(A) specifically refers to the extension of "the civil and criminal laws of each adjacent state" as the law of the United States "for that portion of the <u>subsoil and seabed of the Outer Continental Shelf</u>, and artificial islands and fixed structures erected thereon ... " (Emphasis added).

Nothing in 1333(a)(2)(A), however, suggests that the law of the adjacent state becomes surrogate federal law inside of the adjacent state. After all, inside the state's borders, the laws of the state are applicable. Inside the states, there is no need to adopt. There are no "gaps" in substantive federal law filled by "applicable and non-inconsistent laws of the adjacent states." The laws applicable on state lands and on state territorial waters are not surrogate state laws. These are the real thing. Laws like La. R.S. 56:40.1, *et seq.*, are actual state laws which apply in state territorial waters as state laws, not as surrogate federal law.

  **D.** **Section 1349(b)(1) Jurisdiction.** Section 1349(b)(1) provides no federal jurisdiction for damage asserted under a state law which occurs in the territorial waters or on the land of the state. There is nothing in Section 1349(b)(1) that expands the jurisdiction of the United States into collection of civil penalties for damage or injury which occur in state waters of the State of Louisiana collected by the District Attorneys of the damaged parishes.

  In fact every case cited by the BP Defendant as authority for the expansion of federal jurisdiction only suggests that OCSLA provides federal jurisdiction and applies the law of the adjacent state as surrogate federal law when the "situs" of the injury or damage is offshore, on the Outer Continental Shelf, and outside the territorial waters of the State.

  **E.** **Cases cited by BP Defendants.**

- *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150 (5th Cir. 1996) (Injury on fixed platform on OCS);
- *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202 (5th Cir. 1988) (Disputed Contract for production on the OCS);
- *Dahlen v. Gulf Crews, Inc.,* 281 F.3d 487 (5th Cir. 2002) (Injury on fixed platform on OCS);
- *Gulf OffShore, Co. v. Mobil Oil Corp.*, 453 U.S. 473, 480-81 (1981) (Injury on fixed platform on OCS);

- *Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340 (5th Cir. 1999) (Injury on fixed platform on OCS);
- *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563 (5th Cir. 1994) (Issue involved partition of ownership interest of equipment attached to the seabed of the Outer Continental Shelf);
- *Union Tex. Petroleum Corp., v. PLT Eng'g, Inc.,* 895 F.2d 1043 (5th Cir. 1990) (Issue involved damage to "seabed lining" on the ocean floor of the Outer Continental Shelf);
- *Laredo Offshore Constructors, Inc., v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir. 1985) (Breach of contract for construction of fixed platform on the OCS);
- *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 488 F.3d 760 (5th Cir. 2006) (Involved a products liability action regarding damage which occurred on a production platform on the Outer Continental Shelf);
- *Walsh v. Seagull Energy Corp.*, 836 F. Supp. 411, (S.D. Tex. 1993) (Injury on drilling vessel attached to OCS remanded due to application of maritime law);
- *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337 (5th Cir. 1982) (Involved the crash of a helicopter forty miles offshore from the Coast of Louisiana and flying to a fixed platform on the Outer Continental Shelf);
- *Broussard v. John E. Graham & Sons*, 798 F. Supp. 370 M.D. La. 1992 (Injury on fixed platform on OCS).
- *White v. Chevron, USA, Inc.*, Civ. A. No. 90-0113, 1990 WL 28167, at *1 (E.D. La. Mar. 14, 1990) (injuries on platform);
- *Recar v. CNG Producing Co.*, 853 F.2d 367 (5th Cir. 1988) (Plaintiff injured when swinging from platform on OCS);
- *Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1997 WL 767634, at *3 (E.D. La. Dec. 8, 1997) (Fixed platform injury on OCS); and
- *Cameron Offshore Boats, Inc., v. Alpine Ocean Seismic Surveys*, 862 F. Supp. 1578 (W.D. La. 1994) (Contract action regarding seismic surveys of OCS offshore mineral leases).

None of the cases sited by BP Defendants suggest that OCSLA provides a basis for federal jurisdiction where the damage or injury occur within State territorial waters.

## II. Where the Injury or Damage Is Within State Boundaries and Not on the OCS, There Is No Removal Jurisdiction

BP Defendants do grudgingly acknowledge the existence of the case of *Golden v. Omni Energy Services, Inc.,* 242 Fed.Appx. 965, (5th Cir. July 27, 2007). This case involved injuries from a helicopter crash which took place on land inside the territorial limits of the State of Louisiana. The helicopter was regularly engaged in flights to platforms on the Outer Continental Shelf.

-5-

In *Golden*, the defendant argued that the helicopter accident fell within the scope of OCSLA's jurisdictional provision. Defendant urged that the jurisdictional provision does not contain a "situs" requirement. Defendant also urged recognition of the "but for" test, and since the accident happened while plaintiff was being transported to his job on an offshore platform on the OCS, federal OCSLA jurisdiction attached. The Court of Appeals found that there was indeed a "situs" requirement and that the "but for" test actually entailed a requirement that the "situs" of the injury must be on the OCS for OCSLA jurisdiction to attach. The Court held:

> OCSLA merely establishes jurisdiction while conferring no substantive rights. In *Offshore Logistics, Inc. v. Tallentire,* the Supreme Court held that OCSLA does not "require or permit [courts] to extend the coverage of the statute to platform workers injured "miles away from the platform and on the high seas" based solely on their occupational status. 477 U.S. 207, 219, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). The scope of OCSLA's coverage must be determined principally by locale." *Id.* In line with the Court's interpretation of OCSLA, the Fifth Circuit in *Texaco Exploration and Production, Inc. v. AmClyde Engineered Products Co., Inc.,* set forth three conditions for employing OCSLA: "(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law." 448 F.3d 760, 774 (5th Cir.2006). For OCSLA jurisdictional purposes, both cases compel the district court to take into account the location of incidents giving rise to the lawsuit. Here, the undisputed facts show that the helicopter accident giving rise to Golden's lawsuit did not occur on the Continental Shelf. The helicopter crash instead occurred in a field near Mouton Cove, Louisiana. Therefore, the district court cannot exercise jurisdiction over instant lawsuit under OCSLA.

*Golden supra* at 967-968.

In *Landry v. Island Operating Co.,* Civil Action No. 09-1051, 209 WL 3241560 (W.D. La. 2009), the Court held that the OCSLA did not provide basis for federal court jurisdiction where the plaintiff alleged that an explosion occurred on land within the state of Louisiana as a result of negligence which had taken place on a fixed platform on the OCS. The plaintiff was injured on land while welding on equipment that had been removed to a shore site in the state. The Court found that

the "situs" of the damage or the injury was the pertinent operative fact. The plaintiff argued that the injury occurred on the land on a situs not governed by OCSLA (or any other federal law), and thus OCSLA could not confer jurisdiction. The Court agreed:

> "The Supreme Court and the Fifth Circuit have held that § 1333(a) creates a "situs" requirement for the application of other sections of the OCSLA." *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 219, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) ("Congress determined that the general scope of OCSLA's coverage ... would be determined principally by locale, not by the status of the individual injured or killed."); *see also Demette v. Falcon Drilling Co., Inc.,* 280 F.3d 492, 496 (5th Cir.2002).

*Landry supra* at 2

The Court observed that the platform where the negligent act occurred undoubtedly fell well within the applicable category of locations for the application of the OCSLA, i.e., an artificial installation permanently attached to or erected on the seabed of the OCS. The Court determined then that the inquiry was whether the "situs" referred to was the place where the negligent acts took place or where the injury occurred.

In answer to that question the Court said:

> The Fifth Circuit has conclusively stated the "situs" required to trigger OCSLA refers to the location of the injury. *See, e.g., Golden v. Omni Energy Services Corp.,* 242 Fed. Appx. 965, 967 (5th Cir.2007) ("OCSLA ... compel[s] the district court to take into account the location of incidents giving rise to the lawsuit"); *Demette,* 280 F.3d at 496 ("First, we must determine whether the injury occurred on an OCSLA situs ..."); *Mills v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor,* 877 F.2d 356 (5th Cir.1989) (en banc) (holding that applicability of § 1333(b) limited to "situs" of injury).

*Landry, supra* at 2.

While BP Defendants contend that the *Landry* case still requires a "but for" analysis, it is clear that *Landry's* discussion of the "but for" analysis is with the notion that the negligence could

have taken place anywhere offshore, on foreign waters or on state lands; rather it is the situs of the injury that applies.  The "situs" is a fundamental part of the "but for" analysis.

### III.  The Well-pleaded Complaint Rule Does Not Create Federal Removal Jurisdiction Where None Exists

BP Defendants misapprehend the very nature of the "well-pleaded complaint" rule.  In referring to *Fields, supra*, *White, supra*, and *Cameron, supra,* they suggest that merely failing to plead "jurisdiction under the OCSLA" does not allow the plaintiff to escape federal court jurisdiction. (See BP Defendant Memorandum in Opposition, pages 15-17). The question for the court is, "Is it an OCS case?"   Did the injury occur on the OCS?

In *Fields*, the plaintiff's petition did not invoke OCSLA, but to the court that was "not [dispositive] of the removal issue."  What was dispositive of the removal issue was that the case involved a platform injury on the OCS.  "Production platforms, such as the Neptune Spar, which are permanently attached to the Outer Continental Shelf (OCS), implicate the OCSLA rather than the Court's admiralty jurisdiction.  *Fields v. Pool Offshore, Inc.* No. Civ. A. 97-3170, 1997 WL 767634, at *1 (E.D. La. Dec. 8, 1997) ; citing *White v. Chevron*, 1990 WL 28167 *2 (E.D.La.1990) (*citing Rodrigue v. Aetna Casualty Co.,* 395 U.S. 353 (1969).

In *White*, the court, noting that the presence or absence of federal court jurisdiction is governed by the "well-pleaded complaint" rule, found that where an action arose on the OCS, the plaintiffs' exclusive remedy was pursuant to the OCSLA, even where plaintiffs did not plead OCSLA in their state court petition. 1990 WL 28167 at *1.

In *Cameron*, the court found that, "[i]n ascertaining whether a federal question exists, the court looks to see whether 'federal law created the cause of action' ".  *Id.* at 1584.

> In other words, if plaintiff seeks relief based on state law for an accident arising from operations conducted on the outer Continental Shelf which involved exploration of minerals, the plaintiff seeks relief based on federal law through the OCSLA.

> Therefore, a claim for relief under state law for an accident which occurs on the outer Continental Shelf acquires federal question jurisdiction under 28 U.S.C. § 1331.

*Broussard v. John E. Graham & Sons*, 798 F.Supp. 370, 372 (M.D. La.1992). The Courts observed that in all of the OCS cases where "Federal law" creates <u>the</u> cause of action, even if by adopting, adjacent state law, then there is federal jurisdiction, whether specifically pled or not. Thus, if the injury occurred on a federal "situs", e.g., the OCS, then whether pled or not, OCS attaches if it is the only cause of action.

### IV. Plaintiff Is Not Required to Assert Federal Cause of Action, Nor Federal Question Jurisdiction

If the plaintiff sues asserting only a cause of action that does not raise a federal question, the case is not removable. The well pleaded complaint rule does not get the BP Defendants around the Rule of *Coody*, *Coody v. Exxon Corporation*, 630 F.Supp. 202 (M.D.La.,1986), where Judge Polozola observed that it is well settled that "the party who brings the suit is the master to decide what law he will rely upon." *Id.* at 204; citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Judge Polozola noted that:

> [s]ince the plaintiff is the master of his claim, plaintiff's decision not to assert a federal claim, even though such a claim is available to the plaintiff, would generally prevent a defendant from removing such a suit to federal court on the basis of the unasserted federal claim.

630 F.Supp at 204. At Footnote 9, the Court recognized that in *Pan American Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), the Court stated that it was "equally immaterial ... that the plaintiff could have elected to proceed on a federal ground. (Citation omitted). If the plaintiff decides not to invoke a federal right, his claim belongs in state court." *Id.* 81 S.Ct. at 1307. See also *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) and *Henry v. A.B. Dick Co.,* 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed.

645 (1912). See also *Peters v. Pumpkin Air, Inc.*, 635 F.Supp. 825 (M.D. La. 1985). Despite the BP Defendants' assertions (See BP Defendants' Memorandum in Oppositon, page 15, fn. 3), in *Broussard*, supra at 374, the Court recalled:

> This Court rejected defendant's argument and held that "[u]nder the circumstances, a defendant cannot use an unasserted federal claim as the basis for removing this case to federal court."

The State did not bring a federal claim in this case. The State of Louisiana, brought a claim under Louisiana Revised Statutes for civil penalties for injury and damage in state territorial waters and lands. These are not federal claims adopting the law of "the adjacent state." Even if Louisiana could have brought its claim under OCSLA, it did not choose to do so, and therefore can not be subject to federal jurisdiction merely because it may have been able to do so.

## CONCLUSION

The State of Louisiana has brought a state court action to enforce civil penalty provisions for injury or death to wildlife in state and local parish waters. There is no necessity for application of federal law since there is no claim made in this lawsuit for any injury or damage on the OCS. There is, thus, no removal jurisdiction. This case should be remanded.

Dated August 03, 2010                Respectfully submitted:

CAMILLE A. "CAM" MORVANT II (LA Bar No. 01496)
**DISTRICT ATTORNEY, PARISH OF LAFOURCHE, STATE OF LOUISIANA**
103 Maronge Street, Suite A
Thibodaux, Louisiana 70301
Phone:  985-446-5810

And

        /s/ Walter J. Leger, Jr.
WALTER J. LEGER, JR. (LA Bar. No.8278)
FRANKLIN G. SHAW (LA Bar No.1594)
CHRISTINE SEVIN (LA Bar No.32683)
**LEGER & SHAW**
600 Carondelet St., Ninth Floor
New Orleans, LA 70130
Phone: 504-588-9043

**SPECIAL COUNSEL TO THE DISTRICT ATTORNEY, PARISH OF LAFOURCHE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 03, 2010, a copy of the above and foregoing pleading has been served upon all counsel of record in this matter by placing the same in the U.S. Mail, first class postage prepaid and properly addressed, by facsimile and/or by electronic mail using the CM/ECF.

        /s/Walter J.Leger, Jr.
        WALTER J. LEGER, JR.